**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INDIGO AG, INC. and INDIGO MARKETPLACE, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUMMIT AG LLC, AG ASTRA, LLC, and TIM BARKER )<br>)<br>Defendants. ) | Case No. 25-10296 |

## COMPLAINT

Plaintiffs Indigo Ag, Inc. ("Indigo") and Indigo Marketplace, LLC ("Indigo Marketplace") (together, "Plaintiffs") by and through counsel, and for their Complaint against Defendants Ag Astra, LLC ("Ag Astra"), Summit Ag, LLC ("Summit Ag"), and Tim Barker ("Barker") (together, "Defendants"), state as follows:

## INTRODUCTION

As a result of the contractual disputes between Plaintiffs, Defendants, and Deines-Pollan Services, LLC ("Deines-Pollan") and Michael Deines ("Deines"), Plaintiffs brought two breach of contract suits collectively against all Defendants, Deines-Pollan and Deines. Approximately one year after the cases were filed, the parties reached a resolution of all outstanding claims. The resolution was memorialized in a confidential settlement agreement and mutual release (the "Settlement and Mutual Release") and related promissory note (the "Promissory Note") (collectively, the "Settlement Agreement"). The Settlement Agreement is confidential and thus Plaintiffs have simultaneously filed their motion for leave to file this document under seal. A sum of money was agreed to be paid to Plaintiffs as reflected in the Settlement Agreement. To date, no

payment has been made, and the deadline for making such payment has passed. Accordingly, Plaintiffs now bring this action to enforce the terms of the Settlement Agreement reached between the parties.

## PARTIES

1. Indigo Ag, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

2. Indigo Marketplace, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Massachusetts. The sole member of Indigo Marketplace, LLC is Indigo Ag, Inc.

3. Ag Astra, LLC is a limited liability company with its principal place of business located at 317 S. New Street, Pratt, Kansas 67124. Upon information and belief, Tim Barker is the only member with 5% or more of the capital in Ag Astra.

4. Ag Astra has undertaken all or most of the actions complained of through the actions of Tim Barker, both as signatory for Ag Astra and principal for it.

5. Summit Ag, LLC is a limited liability company with its principal place of business located at 317 S. New Street, Pratt, Kansas 67124. Upon information and belief, Tim Barker is the only member with 5% or more of the capital in Summit Ag.

6. Summit Ag has undertaken all or most of the actions complained of through the actions of Tim Barker, both as signatory for Summit Ag and principal for it. Upon information and belief, Tim Barker is a resident and citizen of Kansas.

7. Deines-Pollan Services, LLC is a limited liability company with its principal place of business located at 810 S. Washington Street, Scott City, Kansas 67871. Upon information and belief, Michael Deines and Lindsay Deines are the only members with 5% or more of the capital

in Deines-Pollan. Upon information and belief, Gayden Pollan and Melanie Pollan are or were also members of Deines-Pollan.

8. Michael Deines identifies himself as the "owner" of Deines-Pollan when signing contracts on behalf of Deines-Pollan.

9. Upon information and belief, Michael Deines and Lindsay Deines are residents and citizens of Kansas.

10. Upon information and belief, Gayden Pollan and Melanie Pollan are residents and citizens of Kansas.

11. Deines-Pollan has undertaken the actions relevant hereto through the actions of Michael Deines, both as signatory for Deines-Pollan and principal for it.

12. Deines-Pollan and Deines are not parties to this lawsuit at this time but are identified for reference as signatories to the underlying Settlement Agreement.

## JURISDICTION

13. Jurisdiction and venue are proper in this Court pursuant to the Settlement Agreement executed by all parties involved containing a Massachusetts venue provision. *See* Ex. A, Section 5, "Jurisdiction and Venue for Breach of Agreement." Under this provision, the parties "agree that any and all disputes … shall be resolved in the District of Massachusetts…". *Id.*

14. As part of the Settlement Agreement, the parties consented to personal jurisdiction in this Court. *See* the Settlement and Mutual Release, Section 6, "Personal Jurisdiction Consent and Waiver," "[T]he Parties each hereby consent to the jurisdiction of the District of Massachusetts and waive any defense based on lack of personal jurisdiction by the District of Massachusetts." *See also* the Promissory Note, Section 7, "Jurisdiction and Venue for Breach of the Agreement," "All disputes relating to this Promissory Note shall be resolved in the United States District Court

for the District of Massachusetts, and all parties irrevocably consent to jurisdiction and venue in such Court."

15. In addition to the agreement of the parties, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## BACKGROUND

16. Indigo is an agricultural technology company that offers an integrated technology platform designed to improve efficiencies and transition the agricultural industry toward sustainable practices and methods, while generating new durable revenue streams across the agriculture supply chain.

17. At all times relevant to the prior litigation, Indigo offered a digital platform to growers and buyers permitting growers and buyers to interact and transact in a grain and transportation marketplace, referred to as Indigo Marketplace, as well as a carbon credits marketplace, all in service of Indigo's stated mission to foster high-quality and sustainably produced agricultural products.

18. In carrying out this business, at all times relevant thereto, Indigo contracted with Grain Marketing Advisors ("GMA") to facilitate the company's efforts to make use of Indigo Marketplace by enrolling such GMAs' grower-clients and managing their pricing risks. In furtherance, Plaintiffs and Defendants entered into various contracts concerning the purchase and sale of commodities.

19. Ag Astra, through Tim Barker, was a GMA representing Deines-Pollan, through Michael Deines, and Summit Ag.

20. The parties encountered disagreements concerning commodities purchased and sold under the contracts between the parties, and as a result, Plaintiffs filed two actions in the District of Kansas in January 2023. *See e.g.*, *Indigo Ag., Inc., Indigo Marketplace, LLC v. Summit Ag, LLC, Ag Astra, LLC, and Tim Barker*, Case No. 2:23-cv-2036 (D. Kan. Jan. 27, 2023) ("*Summit Ag* case"); *Indigo Ag., Inc., Indigo Marketplace, LLC v. Deines-Pollan Services, LLC, Michael Deines, and Ag Astra, LLC*, Case No. 2:23-cv-2034 (D. Kan. Feb. 13, 2023) ("*Deines-Pollan* case"). The actions brought claims for breach of contract, indemnification, fraudulent misrepresentation, and negligent misrepresentation.

21. On June 8, 2023, the *Summit Ag* case was transferred from the District of Kansas to the District of Massachusetts pursuant to a forum selection clause in the Marketplace Seller Agreement. *See e.g.*, *Indigo Ag., Inc., Indigo Marketplace, LLC v. Summit Ag, LLC, Ag Astra, LLC, and Tim Barker*, Case No. 2:23-cv-2036 (D. Kan.); *Indigo Ag., Inc., Indigo Marketplace, LLC v. Summit Ag, LLC, Ag Astra, LLC, and Tim Barker, LLC*, Case No. 2:23-cv-11309 (D. Mass.) ("*Summit Ag* case"). Similarly, on August 18, 2023, the *Deines-Pollan* case was transferred from the District of Kansas to the District of Massachusetts pursuant to a Massachusetts forum selection clause. *See e.g.*, *Indigo Ag., Inc., Indigo Marketplace, LLC v. Deines-Pollan Services, LLC, Michael Deines, and Ag Astra, LLC*, Case No. 2:23-cv-2034 (D. Kan.); *Indigo Ag., Inc., Indigo Marketplace, LLC v. Deines-Pollan Services, LLC, Michael Deines, and Ag Astra, LLC*, Case No. 2:23-cv-11907 (D. Mass.) ("the *Deines-Pollan* case").

22. Both cases proceeded in the District of Massachusetts until the parties reached a confidential settlement disposing of all claims in January 2024. *See* Ex. A, the Settlement Agreement.

23. All parties were represented by legal counsel in the negotiations regarding settlement.

24. As a result of the settlement and in reliance on the Defendants' agreement to pay pursuant to the terms of the Settlement Agreement, Plaintiffs dismissed both actions pending in the District of Massachusetts in January 2024.

25. Pursuant to the terms of the Settlement Agreement, payment was due to Plaintiffs on or before December 31, 2024.

26. The Settlement Agreement also provides the Court "shall" award reasonable attorneys' fees and costs to the prevailing party in any suit to enforce the terms of the Settlement Agreement. *See* the Settlement and Mutual Release, Section 4, "Attorneys' Fees and Costs."

27. To date, no settlement payment has been made to Plaintiffs.

28. Plaintiffs have incurred attorneys' fees and costs in prosecuting this action to enforce the Settlement Agreement.

## CAUSES OF ACTION
## COUNT I – BREACH OF CONTRACT
### Against all Defendants

29. Plaintiffs re-allege each and every one of the above paragraphs as though fully set forth herein.

30. Defendants entered into multiple valid and binding contracts with Plaintiffs that later became the subject of the two lawsuits brought against Defendants. As a result of those lawsuits, the parties entered into a valid and binding contract to settle the two matters (i.e., the Settlement Agreement).

31. The Settlement Agreement was supported by offer, acceptance, and consideration.

32. Defendant Summit Ag acted by and through its principal, Tim Barker, in executing the Settlement Agreement.

33. Defendant Ag Astra acted by and through its principal, Tim Barker, in executing the Settlement Agreement.

34. Tim Barker signed the Settlement Agreement in his individual capacity.

35. The Defendants breached the Settlement Agreement by failing to make payment to Plaintiffs when due.

36. The Defendants have breached their implied duties of good faith and fair dealing by representing in January, 2024, they would be able to comply with the Settlement Agreement when the Defendants knew or should have known one or more Defendants would be unable to comply with their contractual obligations.

37. The Defendants have breached their implied duties of good faith and fair dealing because the Defendants failed to exercise reasonable care to determine whether each Defendant could comply with its contractual obligations under the Settlement Agreement before representing to Plaintiffs that Defendants would be able to comply with their contractual obligations under the Settlement Agreement.

38. By executing the Settlement Agreement, the Defendants confirmed their commitment to comply with the terms of the Settlement Agreement, including making payment.

39. Had Plaintiffs been aware that the Defendants would not fulfill their contractual obligations under the Settlement Agreement, Plaintiffs would not have agreed to dismiss the lawsuits and would not have entered the Settlement Agreement.

40. As a result of Defendants' wrongful conduct as fully set forth above, Plaintiffs have suffered injuries and damages.

41. Plaintiffs are entitled to payment of settlement funds pursuant to the terms of the Settlement Agreement and payment of Plaintiffs' attorneys' fees and costs related to the enforcement of the terms of the Settlement Agreement.

42. Plaintiffs are also entitled to pre and post judgment interest as a result of Defendants' failure to comply with the terms of the Settlement Agreement.

**WHEREFORE,** Plaintiffs pray for judgment against all Defendants as follows:

1. A judgment is entered in favor of Plaintiffs and against all Defendants jointly and severally for breach of contract and for damages, exclusive of costs, disbursements, interest, and fees;

2. An order that Plaintiffs are awarded their reasonable attorneys' fees and other litigation expenses;

3. The award of pre and post judgment interest as permitted by law; and

4. An order that Plaintiffs are awarded such other further relief as this Court deems just and proper.

Dated: February 6, 2025                     Respectfully submitted,


                                            **CETRULO LLP**

                                            By: /s/ *Michael J. Cahalane*
                                                Michael J. Cahalane, III   BBO #: 664872
                                                Noel Cho, BBO # 709047
                                                Two Seaport Lane, 10th Floor
                                                Boston, MA 02210
                                                Phone: (617) 217-5335
                                                Fax: (617) 217-5200
                                                Email: mcahalane@cetllp.com
                                                Email : NCho@cetllp.com

                                                AND

**BRYAN CAVE LEIGHTON PAISNER LLP**

Robert M. Thompson, *pro hac vice forthcoming*
Courtney M. Stout, *pro hac vice forthcoming*
1200 Main Street, Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
rmthompson@bclplaw.com
courtneym.stout@bclplaw.com

ATTORNEYS FOR PLAINTIFFS